UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

DANNY RAY DUNLOP, #195979

        Petitioner,

v.

        CASE NO. 2:08-CV-10121
        HONORABLE ANNA DIGGS TAYLOR
        UNITED STATES DISTRICT JUDGE

THE STATE OF MICHIGAN,

        Respondent,

_____/

### ORDER TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

#### I. Introduction

Before the Court is petitioner's *pro se* "Petition for Coram Norbis", brought pursuant to the All Writs Act, 28 U.S.C. § 1651. In his application, petitioner challenges his 1988 convictions out of the Detroit Recorder's Court for first-degree criminal sexual conduct and child cruelty. Petitioner by his own admission has previously filed a petition for a writ of habeas corpus challenging these convictions. The petition was dismissed on the merits. *Dunlap v. Grant,* U.S.D.C. 98-CV-71785-DT (E.D. Mich. August 31, 1999)(Cohn, J.). Petitioner was afterwards twice denied a certificate of appealability by the United State Court of Appeals for the Sixth Circuit and the United States Supreme Court denied petitioner a writ of certiorari. Petitioner was recently denied permission to file a second or successive petition for writ of habeas corpus by the Sixth Circuit. *In Re Dunlap,* No. U.S.CA. No. 06-2424 (6th Cir. June 7, 2007). For the following reasons, the

1

Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner indicates that he is bringing the instant petition pursuant to the All Writs Act contained in 28 U.S.C. § 1651. This does not alter the Court's decision that this matter should be transferred to the United States Court of Appeals for a determination as to whether petitioner should be permitted to file a successive habeas petition.

A habeas petitioner's motion or filing should be construed as a second or

successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In addition, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002). Therefore, petitioner cannot use 28 U.S.C. § 1651, the All Writs Act, to circumvent the AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *See Brennan v. Wall,* 100 Fed. Appx. 4, 5 (1st Cir. 2004); *See also Halliburton v. United States,* 59 Fed. Appx. 55, 56-57 (6th Cir. 2003)(federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

Moreover, to the extent that petitioner is contending that the Sixth Circuit erred in declining to grant him permission to file a second or successive habeas petition, this Court would be without power to grant petitioner relief. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).

The current application is therefore a second or successive petition for habeas relief. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without

3

prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was denied on the merits.  Petitioner's current habeas petition is thus a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).  Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


s/ Anna Diggs Taylor
**HON. ANNA DIGGS TAYLOR**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 11, 2008**

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on January 11, 2008.

s/Johnetta M. Curry-Williams
Case Manager